IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No.   05-cr-00503-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SETH STEED JEFFS,

       Defendant.

**ORDER DENYING MOTION FOR RETURN OF PROPERTY AND PROTECTIVE ORDER**

**Blackburn, J.**

The matter before me is the **Motion for Return of Property and Protective Order** [#30] filed under seal by the Fundamentalist Church of Jesus Christ of Latter Day Saints (the Church) on December 29, 2005. The government filed its response under seal on January 9, 2006. *See* [#31]. The movant filed a reply [#50][1] on February 24, 2006.[2]  I deny the motion.

The relevant, undisputed facts are as follows.[3] During the course of the

---

[1] It does not appear from the information available from the court's CM/ECF electronic record that the reply was filed under seal.

[2] The reply is filed without the approbation of the court and is, therefore, *ultra vires*.. Neither the local rules of the district court nor the practice standards of this court require or permit the unauthorized filing of a reply to a response.

[3] My findings of fact are a based on a preponderance of the evidence, which takes the form either of the adjudicative facts in the extant file and record of this case *pro tanto* or of the uncontroverted facts presented by the parties in their papers. The evidence is sufficient to facilitate my ruling on the issues raised by or inherent to the motion without the necessity of evidentiary hearing or oral argument. *See* **Fed.R.Crim.P. 41 (g)** "The court must receive evidence on any factual issue necessary to decide the motion."

execution of a series of search warrants, numerous items of personal property were seized, including, *inter alia*, the documents at issue here. By my count some 309 documents are implicated. I assume, without deciding, that the documents are religious in tenor and are the property of the Church.

The Church is seeking bipartite relief. First, the Church seeks my order ". . . returning the sacred Church documents now bates stamped numbers 6868-6944 and 7149-7382 to the Church. " Motion at 5. Second, the Church seeks ". . . a protective order prohibiting the disclosure of the contents of all the Church documents now in the possession of the government to the public during proceedings in this matter." *Id*. at 5-6. In support of the relief requested, the Church advances two principle arguments: 1) that the documents at issue are "purely religious" and are irrelevant to the criminal prosecution, Motion at 3, ¶ 5; and 2) that protection from public disclosure of the documents at issue is necessary to the Church's right to its free exercise of religion under the First Amendment, *Id*. at 5, ¶ 12.[4]

An "aggrieved" person may move for the return of seized property under Fed. R. Crim. P. 41(g). That rule states in relevant part as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

**Fed.R.Crim.P. 41(g)**. The Church does not impugn the lawfulness of the initial seizure

---

[4] Unfortunately, the motion is long on assertion and short on authority. Other than citing to Rule 41(g) itself, the movant cites to only *one* case of marginal relevance in support of the extraordinary relief requested.

of the documents at issue. Therefore, the Church proceeds *per force* as one who is ". . . aggrieved by the deprivation of property. . . ." *Id*. Since the motion for return of property is made while the underlying criminal prosecution is pending, the burden is on the Church to show that it is entitled to the property. *See **United States v. Chambers***, 192 F.3d 374, 377 (3d Cir. 1999); ***United States v. Martinson***, 809 F.2d 1364, 1369 (9th Cir. 1987).[5] The Advisory Committee Notes to the 1989 Amendments to Rule 41 indicate that the general test for returning property is reasonableness under all of the circumstances. "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." *Id*.; ***United States v. Kitty's East***, 905 F.2d 1367, 1375 (10th Cir. 1990). Courts recognize generally that the government is entitled to retain legally seized evidence until the conclusion of a criminal case. *See, e.g.*, ***United States v. Rodriguez-Aguirre***, 264 F.3d 1195, 1212-13 (10th Cir. 2001); ***In re Search of 2847 East Higgins Rd.***, 390 F.3d 964, 968 (7th Cir. 2004); ***United States v. Wilson***, 540 F.2d 1100, 1101 (D.C. Cir. 1976). Thus, Rule 41(g) jurisdiction should be exercised with caution and restraint. ***Floyd v. United States***, 860 F.2d 999, 1003 (10th Cir. 1988) (preindictment motion).

Citing to Fed.R.Evid. 401 and 403, defendant claims first that the documents at issue are purely religious and are irrelevant to the criminal prosecution of the defendant. Motion at 3, ¶ 5. I disagree. Even without a plethora of imagination or prescience, it is easy to excogitate an evidential hypothesis that renders these documents relevant as defined by Rule 401 and probative beyond attack under Rule

---

[5] The burden shifts to the government when the criminal proceedings have terminated. ***Chambers***, 192 F.3d at 377.

-3-

403. For example, the presence of these "religious" documents could easily serve as dissembling camouflage for illicit personal property destined for illegal delivery to the fugitive, Warren Jeffs. This evidential hypothesis is consistent with the government's theory of prosecution ". . . that Seth Jeffs, at the time of his arrest, was knowingly delivering cash and correspondence to his brother, Warren Jeffs, a fugitive." Response at 6.  As such the documents are legitimate *res gestae* whose probativity is not substantially outweighed by the dangers or considerations of Rule 403. Thus, the Church's argument based on evidentiary relevance and relative probativity fails.[6]

  Additionally, a Rule 41(g) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury.  **United States v. Akers**, 215 F.3d 1089, 1106 (10th Cir. 2000) (citing **Clymore v. United States**, 164 F.3d 569, 571 (10th Cir. 1999) (Rule 41(g) is an equitable remedy available only to a claimant who can show irreparable harm and an inadequate remedy at law). Here, the Church makes neither an express claim nor a *prima facie* factual showing of irreparable injury absent an immediate return of the documents at issue. The closest the Church comes to satisfying this condition precedent to relief is found in that portion of its argument addressing the need for a protective order, where "[t]he Church requests the Court fashion a . . . remedy in this matter to protect the disclosure of its sacred [but not confidential or privileged] documents from scrutiny of the media during the open and public proceedings regarding the prosecution of Seth Jeffs." Motion at 5, ¶ 12. The

---

[6] Absent a stipulation between the government and the defendant to the submission of copies of the documents in lieu of the originals, and notwithstanding the court's preference for the presentation of evidence electronically, the originals of the documents as evidentiary exhibits are required under my **Trial Preparation Conference Order** [#21] entered November 18, 2005.

failure to allege and proffer a *prima facie* factual showing of irreparable injury is fatal *per se* to defendant's Rule 41(g) motion. **Aikers**, 215 F.3d at 1106.[7]

Turning next to the Church's somewhat inexplicit and wholly unsupported claim that its First Amendment right to free exercise of religion will be impinged impermissibly absent entry of a protective order prohibiting public disclosure of the documents at issue, I conclude, as did the government, that the Church may not theurgically transform some amorphous, penumbral right to privacy that implicates the First Amendment into an expectation of privacy recognized and protected under the Fourth Amendment as applied to motions brought under Rule 41(g), *a fortiori*, without the benefit of cogent legal authority. Response at 4-5. It is not my duty to search the law in hopes of finding support for the Church's case.  See **United States v. Dunkel**, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Additionally, the incantation that the documents as "sacred," *see* Motion at 5, ¶ 12, is not sufficient *per se* to warrant protection via a protective order.[8] Furthermore, the invocation of even such a talismanic term does not elevate the status of these documents to the required level of confidential or privileged.

On the extant evidentiary record, I conclude ultimately that the Church has failed to sustain its burden either for the return of property under Rule 41(g) or for the entry of a protective order. Accordingly, the motion must be denied.

---

[7] Furthermore, it appears that the Church has copies of or access to copies of the documents that it requests be returned. This vitiates preemptively any *bona fide* claim of irreparable injury. *See* Response at 6. Additionally, the Church does not claim that the originals of the documents are unique or ingenerable. *Id*.

[8] The Bible is considered by many to be sacred, yet it is intentionally encyclical.

**THEREFORE, IT IS ORDERED** that the **Motion for Return of Property and Protective Order** [#30] filed under seal by the Fundamentalist Church of Jesus Christ of Latter Day Saints (the Church) on December 29, 2005, **IS DENIED**.[9]

Dated April 4, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**

---

[9] Inasmuch as the Church did not file its reply under seal, and inasmuch as I did not include anything of a confidential or privileged nature in my order, it need not be filed under seal.